IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MIRIAM BRIGGS-MUHAMMAD,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                                       13-cv-831-wmc

SSM HEALTHCARE CORP.,
*doing business as* St. Mary's
Hospital,

                        Defendant.

       Plaintiff Miriam Briggs-Muhammad has filed a proposed civil action, alleging that the defendant, SSM Healthcare Corporation, doing business as St. Mary's Hospital, is responsible for her daughter's wrongful death. Plaintiff requests leave to proceed without prepayment of the full filing fee pursuant to the federal *in forma pauperis* statute found at 28 U.S.C. § 1915(a). Having determined that she is eligible to proceed without prepayment of the full filing fee, the court is required by this statute to screen the complaint and dismiss any portion that is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this very lenient standard, however, plaintiff's request for leave to proceed further must be denied and this case must be dismissed for reasons set forth below.

ALLEGATIONS OF FACT

For purposes of this screening order, the court assumes the following material facts based on the allegations in plaintiff's complaint.

Plaintiff Miriam Briggs-Muhammad is a resident of Madison, Wisconsin. She claims that her daughter, Carmen V. Sharp, attempted suicide on January 17, 2004, by throwing herself repeatedly in front of oncoming traffic on the Beltline Highway. Vehicles managed to avoid hitting Sharp, who was taken into custody by police, brought to St. Mary's Hospital, and admitted voluntarily. On January 19, 2004, Sharp was voluntarily discharged from the Hospital. Later that same day, Sharp committed suicide by hanging herself at a local motel.

Plaintiff contends that St. Mary's Hospital was negligent in failing to detain Sharp for her own safety in compliance with the statute governing involuntary commitment for mental health treatment. *See* Wis. Stat. ch. 51. Plaintiff reasons that her daughter would not have committed suicide hours after her discharge from the hospital on January 19, 2004, had St. Mary's only followed these procedures for her detention. Plaintiff seeks unspecified "compensatory and consequential damages," as well as $50 million in punitive damages from the Hospital for her daughter's wrongful death.

OPINION

As noted above, plaintiff alleges that her daughter's wrongful death was caused by medical negligence, which is a claim governed by state law. The statute of limitations for such a claim is governed by Wis. Stat. § 893.55(1m), which provides:

> [A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

2

>   (a) Three years from the date of the injury, or
>
>   (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

The injury in this case occurred in 2004. *See, e.g., Estate v. Genrich v. Ohic Ins. Co.*, 2009 WI 67, ¶ 5, 769 N.W.2d 481, 484-85 (Wis. 2009). Because the complaint is well outside the applicable statute of limitations, this case is subject to dismissal as legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that an action or claim brought by a *pro se* litigant may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact").

In addition, public records reflect that plaintiff previously filed a wrongful death suit against SMS Healthcare Corporation in state court. *See Briggs-Muhammad v. SSM Healthcare Corp.*, Dane County Case No. 2006CV4237, available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited December 2, 2013). On December 4, 2007, the state circuit court dismissed that case on the defendant's motion. *See id.* Repetitive claims such as these are considered malicious and are grounds for dismissal under 28 U.S.C. § 1915(e)(2). *See Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1983) (noting that it is "malicious" for a *pro se* litigant to file a lawsuit that duplicates allegations of another lawsuit by the same plaintiff) (citations omitted). For other reasons that merit no further explanation here, litigants are not allowed to pursue claims that have been raised and rejected previously by other courts. *Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir. 1984) (explaining that the doctrine of res judicata is designed to protect litigants from facing multiple lawsuits and "to enhance judicial economy

by prohibiting repetitive litigation").

This is the third *pro se* complaint that this court has received from plaintiff in the past year. Plaintiff is advised that it is within a court's inherent power to sanction a litigant who engages in vexatious litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). Indeed, the courts are obligated to allocate their resources so as to assure that the interests of justice are served and the courthouse doors remain open to all, not simply to the relentless. *See In re McDonald*, 489 U.S. 180, 184 (1989); *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc) (per curiam); *Ruderer v. Fines*, 614 F.2d 1128, 1130-32 (7th Cir.1980); *see also Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Sanctions imposed pursuant to a district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *Maynard v. Nygren*, 332 F.3d 462, 470-71 (7th Cir. 2003).

Based on the documentation provided, the plaintiff is indigent and, therefore, has been eligible to proceed without prepayment of the filing fee under the *in forma pauperis* statute. Indigent status does not, however, confer a license to engage in abusive litigation, which wastes scarce judicial resources. Because it is evident that plaintiff has intentionally recycled a stale complaint that duplicates one rejected in a previous state court proceeding, the court will grant her request for leave to file her complaint without prepayment of the $350 filing fee for indigent litigants, but she will be required to pay the full amount of that fee as a sanction for filing this blatantly frivolous lawsuit. Plaintiff's request for leave to proceed further is denied in all other respects.

Plaintiff may pay the $350 filing fee incrementally, if necessary, but she must pay the

entire amount. Until the full amount of the filing fee is satisfied, the court will not consider any new civil action filed by this plaintiff. Plaintiff is also advised that she will face additional sanctions, including additional monetary penalties, should she continue to submit frivolous filings in this court.

ORDER

IT IS ORDERED that:

1. Plaintiff Miriam Briggs-Muhammad's request for leave to file her complaint without prepayment of the filing fee (dkt. # 2) is GRANTED. Her request for leave to proceed further is DENIED in all other respects and her complaint is DISMISSED with prejudice as legally frivolous and malicious.

2. Plaintiff shall pay the full amount of the filing fee for indigent litigants ($350) as a sanction in this case. Plaintiff may pay this fee incrementally, if necessary, but she must pay the entire amount. Until the full amount of the filing fee is satisfied, the court will not consider any new civil action filed by plaintiff.

3. Plaintiff is WARNED that she will face additional sanctions, including monetary penalties, should she continue to abuse scarce judicial resources with frivolous filings.

Entered this 18th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge